# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ADIDAS AG and ADIDAS AMERICA, INC.,

        **Plaintiffs,**

-vs-                                 **Case No.  6:09-cv-1109-Orl-31GJK**

KEN BERRIOS, individually and d/b/a
SPORTSTAR1.COM, BEANIE FORTUNE
a/k/a DANIE FORTUNE, individually and d/b/a
WORLD OF SOCCER, BENJAMIN
SENATUS, individually and d/b/a WORLD OF
SOCCOR, JOSSEF DAHARI, individually and
d/b/a SPORT STAR and JOHN DOE,
individually and d/b/a WORLD OF SOCCER
and SOCCER MART

                                   **Defendants.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** (Doc. No. 39) |
| **FILED:** | **November 2, 2009** |

**THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED** with respect to Defendants Ken Barrios and Jossef Dahari, and otherwise **DENIED**.

## I.    BACKGROUND

On June 26, 2009, Plaintiffs Adidas AG and Adidas America, Inc. ("Plaintiffs") initiated

this action by filing the complaint ("Complaint") against Ken Berrios, individually and d/b/a

Sportstar1.com, Beanie Fortune a/k/a Danie Fortune, individually and d/b/a World of Soccer, Benjamin Senatus, individually and d/b/a World of Soccer, and John Doe, individually and d/b/a World of Soccer and Soccer Mart (collectively, the "Defendants"). Doc. No. 1 (as amended at Doc. No. 24). The Complaint asserts the following claims: 1) Count I – counterfeiting; 2) Count II – Federal Trademark Infringement; 3) Count III – Federal Unfair Competition; 4) Count IV – Federal Trademark Dilution; 5) Count V – State Trademark Dilution and Injury to Business Reputation; 6) Count VI – Common Law Trademark Infringement and Unfair Competition; and 7) Count VII – Unfair and Deceptive Trade Practices. *Id.* Plaintiffs seek a permanent injunction against Defendants. *Id.* at 25. Plaintiffs have a federally registered three-stripe trademark (herein, the "Three-Stripe Mark"), which they maintain the Defendants are offering for sale and selling apparel that bears a confusingly similar imitation. *Id.* at 2.[1] Defendants, Beanie Fortune *also known as* Danie Fortune, individually and *doing business as* World of Soccer, and Benjamin Senatus, individually and *doing business as* World of Soccer, filed responses to the Complaint. Doc. No. 44.

On July 8, 2009, Defendant Ken Berrios ("Berrios") was served with a copy of the summons and Complaint. Doc. Nos. 10, 11. On September 9, 2009, Defendant Jossef Dahari ("Dahari") was served with a copy of the summons and Complaint. Doc. Nos. 25, 26. On October 2, 2009, Plaintiffs moved for entry of default, which the clerk entered against Berrios and Dahari. Doc. Nos. 33, 37. By failing to file an answer the Complaint, Berrios and Dahari admitted all well-pled allegations therein.

On November 2, 2009, Plaintiffs filed a Motion for Default Judgment (the "Motion")

---

[1] Reg. Nos. 2,058,619; 3,029,127; 3,087,329; 2,278,591; 2,284,308; 870,136; 2,016,963 issued by the United States Patent and Trademark Office. Doc. No. 40 at 4.

against the Defendants. Doc. Nos. 39, 40. Plaintiffs seek a permanent injunction and maintain that an accounting of profits is warranted. Doc. No. 40 at 17-8. Plaintiffs also seek their reasonable attorneys' fees and costs, the amount to be determined following an order by the Court on the Motion. Counsel for Plaintiffs sent a copy of the Motion to the Defendants by first class mail. Doc. No. 39 at 4.

## I.  THE LAW

### A.  Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default.  Fed. R. Civ. P. 55 (a) (emphasis added).  Rule 55 (b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment , it needs to:
> A) conduct an accounting;
> B) determine the amount of damages;
> C) establish the truth of any allegation by evidence; or
> D) investigate any other matter.

*Id*.  The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court.  Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d

1200, 1206 (5th Cir. 1975).[2]

A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v.*

*Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citing *Nishimatsu*, 515 F.2d at

1206). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded

allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v.*

*Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

B.      **Claims for Relief**

Plaintiffs allege violations of the Trademark Act of 1946, 15 U.S.C. §§ 1501 *et seq*.

("Lanham Act"). Plaintiffs seek to hold Defendants liable for willful trademark infringement

pursuant to 15 U.S.C. Section 1114(1) due to Defendants counterfeit use of Plaintiffs'

trademarks. Section 1114(1) provides that any person who shall, without the consent of the

registrant-

> (a) use of commerce any reproduction, counterfeit, copy, or colorable imitation of
> a registered mark in connection with the sale, offering for sale, distribution, or
> advertising of any goods or services on or in connection with which such use is
> likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply
> such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints,
> packages, wrappers, receptacles or advertisements intended to be used in
> commerce upon or in connection with the sale, offering for sale, distribution, or
> advertising of goods or services on or in connection with which such use is likely
> to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil
> action by the registrant for the remedies herein provided.

15 U.S.C. § 1114(1)(a), (b). Plaintiffs maintain also that Defendants are liable for trademark

dilution pursuant to 15 U.S.C. Section 1125(a), which provides:

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding
precedent all decisions of the Fifth Circuit that were rendered prior to October 1, 1981.

(1) any person who, in or in connection with any goods or services, or any container for goods, uses in commerce any word, term, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she or is likely to be damaged by such act.

15 U.S.C. § 1125(a). In order to prevail on the trademark infringement claim, Plaintiffs must establish: 1) that it had a valid trademark; and 2) that Defendants adopted an identical or similar mark such that consumers would likely confuse the two. 15 U.S.C. § 1125(a); *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1216 (11th Cir. 2000). Plaintiffs also maintain that Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Fla. Stat. Ann. § 501.204.

## C. Permanent Injunction

A district court may grant preliminary injunctive relief if the moving party shows that: 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). The standard for a permanent injunction is the same as for a preliminary injunction except that the movant must show "actual success on the merits" instead of a "likelihood of

success." *Id.* (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

In trademark infringement actions, injunctive relief is often appropriate because: 1) "there is no adequate remedy at law to redress infringement and [2)] infringement <u>by its nature</u> causes irreparable harm." *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) (emphasis added) (citing *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982)). Further, courts have generally recognized that in such cases, the public interest is "paramount." *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991). Trademark infringement encroaches on "the right of the public to be free of confusion" as well as "the synonymous right of the trademark owner to control his products' reputation." *Id*. (citing *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 274 (7th Cir. 1976)).

## II.      APPLICATION

After careful review of the Complaint and Motion filed in this action, as well as the evidence submitted with the pleadings, the undersigned finds that sufficient evidence supports Plaintiffs claims of trademark infringement and unfair and deceptive trade practices. The entry of default judgment and a permanent injunction is warranted. The only defendants that have received proper service and have had default entered against them are Berrios and Dahari. They have had numerous opportunities to appear and contest the claims, as well as the Motion now before the Court. However, Plaintiffs' claims and Motion remain unopposed. Accordingly, it is recommended that default judgment be entered against Berrios and Dahari.

Plaintiffs seek a permanent injunction against Berrios and Dahari. Berrios's and Dahari's default establishes Plaintiffs' success on the merits and that Plaintiffs' injuries outweigh

whatever damage the injunction may cause Berrios and Dahari. As previously stated, trademark infringement causes irreparable injury not only to Plaintiffs, but also to the public. As the public has a strong interest in being free from the confusion and deception caused by trademark infringement, Plaintiffs' proposed injunction is not adverse to the public interest.

Therefore, it is **RECOMMENDED** that:

1. Plaintiffs' Motion for Default Final Judgment [Doc. No. 39] be **GRANTED** *solely* with respect to Defendants Ken Berrios, individually and *doing business as* Sportstar1.com and Jossef Dahari, individually and *doing business as* Sport Star;

2. Ken Berrios, individually and *doing business as* Sportstar1.com and Jossef Dahari, individually and *doing business as* Sport Star, and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from them, or in concert or participation with them, and each of them, be permanently enjoined and restrained from:

   a. manufacturing, selling, offering for sale, advertising, promoting, distributing, or displaying the infringing apparel;

   b. manufacturing, selling, offering for sale, advertising, promoting, distributing or displaying any other apparel bearing the Three-Stripe Mark or any other confusingly similar imitation of Adidas AG and Adidas America, Inc.'s Three-Stripe Mark, including without limitation any apparel having a design, mark, or feature that consists of: 1) the Three-Stripe Mark (in a similar position, size and spacing as depicted in the

Three-Stripe Registrations) with one additional stripe; or 2) the Three-Stripe Mark (in a similar position, size and spacing as depicted in the Three-Stripe Registrations) less one of the three stripes);

3. Within ten (10) days of service of this Order, Ken Berrios, individually and *doing business as* Sportstar1.com and Jossef Dahari, individually and *doing business as* Sport Star, provide an accounting of all profits from the sales of the infringing apparel as defined in the Complaint and above;

4. Plaintiffs' attorneys' fees and costs should be determined at the conclusion of the litigation;

5. the Clerk should be directed to enter judgment against Ken Berrios, individually and *doing business as* Sportstar1.com and Jossef Dahari, individually and *doing business as* Sport Star; and

6. the Motion otherwise be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 4, 2010.


Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE